UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID DEJESUS ) </br> ) </br> ) </br> Plaintiff, ) </br> v. ) </br> ) </br> THE WASHINGTON POST COMPANY ) </br> d/b/a THE WASHINGTON POST, a ) </br> Delaware Corporation, 1150 15th Street, ) </br> N.W., Washington, DC  20071 ) </br> ) </br> Defendant. ) </br> _____) | Civil Action No. 1:13-cv-01101 |

Mayer Morganroth (D.C. Bar #MI0015)
Jeffrey B. Morganroth (D.C. Bar #421684)
Attorneys for Plaintiff
MORGANROTH & MORGANROTH, PLLC
344 North Old Woodward Avenue, Suite 200
Birmingham, MI 48009
248-864-4000
_____/

There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in this Complaint.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, David DeJesus ("DeJesus"), by and through his attorneys, Morganroth & Morganroth, PLLC, and for his Complaint against The Washington Post Company d/b/a The Washington Post (the "Post"), states as follows:

**PARTIES, JURSIDICTION AND VENUE**

1.     Plaintiff, DeJesus, is an African-American male citizen of the United States, currently 60 years of age, residing in White Plains, Maryland.

1

2. The Post is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 1150 15th Street, N.W., Washington, DC 20071. At all times relevant to this case, the Post employed in excess of 200 employees in an industry affecting commerce.

3. Subject matter jurisdiction over this action is based upon 28 U.S.C. §1331 which confers jurisdiction upon this Court for actions that arise under the Constitution and laws of the United States. Jurisdiction is also proper because this action presents a federal question. Specifically, DeJesus' causes of action arise under Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. §2000e *et seq.*; The Reconstruction Civil Rights Act, as amended, codified at 42 U.S.C. §1981; and the Age Discrimination in Employment Act of 1967, codified at 29 U.S.C. §621 *et seq.*

4. Subject matter jurisdiction over this action in this Court is also based upon 15 U.S.C. § 1121(a) and 28 U.S.C. § 1332 which provides for Federal jurisdiction where, as here, there is complete diversity of citizenship between the parties.

5. Venue is proper in this Court under 28 U.S.C. §1391(b) inasmuch as a substantial portion of the events giving rise to the instant claims occurred in this District.

6. On May 22, 2012, DeJesus filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") concerning the material facts charged herein. The EEOC issued a Notice of Right to Sue letter on April 30, 2013, and the instant action was timely instituted before the expiration of 90 days of DeJesus' receipt thereof.

## **GENERAL ALLEGATIONS**

7. This lawsuit arises from the Post's unlawful mistreatment and termination of DeJesus after 18 years of exemplary employment.

8. DeJesus was hired by the Post on March 1, 1993 as a national account executive and advertising sales representative in the area of corporate and public policy advertising.

9. The Collective Bargaining Agreement between the Post and the Washington-Baltimore Newspaper Guild, Local 32034 (the "Guild") governs DeJesus' employment, and provides, in relevant part, as follows:

> No employee shall be discharged except for good and sufficient cause…In the event of a termination for failure to meet [the Post's] attendance or performance standards, the requirements of progressive discipline shall be deemed to have been satisfied after the employee receives an oral warning, one written warning, and one suspension. Nothing in this Agreement shall be deemed to limit the Publisher's right to discipline, suspend or discharge for just cause, or to discharge an employee without progressive discipline for gross misconduct or willful neglect of duty.

10. In 1998, DeJesus was advanced to sales management. In 2001, DeJesus was transferred to the Major Accounts Unit or "MAU" of the financial advertising department as a national account manager in charge of major blue chip financial accounts, including Allstate, Bank of America, and Charles Schwab. DeJesus was responsible as an outside sales representative for generating revenue for clients in his industry-specific category from accounts throughout the country through print advertising for all of the Post's products.

11. Over the course of DeJesus' 18 years of employment at the Post, he received numerous significant awards for his sales performance, achievements, and for meeting and/or exceeding sales quotas. By way of example, in 2003 DeJesus earned the Post's very highest award, the Publisher's Award. DeJesus also earned the President's Club Award six times, and the Vice President's Club award ten times–including seven years in a row right up to his termination.

12. In the performance of his duties, DeJesus regularly dealt directly with his advertiser clients, and even more frequently with the advertising agencies designated to handle the day-to-day work for the client's accounts.

13. On July 23, 2011, DeJesus' manager of three years, Noelle Wainwright ("Wainwright"), burst into DeJesus' cubicle area and began shouting at him in an inflammatory and demeaning manner, accusing DeJesus of disobeying her instructions with respect to delivery of results to the client and advertising agency with respect to an advertisement recall study ("RAM" study). DeJesus was stunned and embarrassed by Wainright's inappropriate and unwarranted outburst and attempted to defuse the situation as best he could and move the conversation into a private area.

14. On July 24, 2011, DeJesus received a calendar invitation for a meeting on July 27, 2011 at which time Wainright told DeJesus that he was "no longer a good fit for the company" and asked to voluntarily resign. DeJesus was put on "administrative leave" and given several weeks to decide, after which time DeJesus declined to resign.

15. On August 3, 2011, DeJesus was issued a termination letter from Wainwright without any prior progressive discipline as outlined by the Collective Bargaining Agreement, but rather for supposed "willful neglect of duty and insubordination" stemming from DeJesus' order of a RAM study for a client purportedly "without proper authorization" and his supposed failure to follow Wainright's "specific instructions" with respect to delivery to the client of the RAM study results.

16. The Post's assertions that DeJesus acted without proper authorization from his manager and contrary to her instructions are both completely devoid of any basis and support whatsoever based upon the procedures, practices, history and policies at the Post or otherwise.

4

17. The Post replaced DeJesus with a Caucasian male under the age of 30, who, upon information and belief cost less for the Post and also earned much less revenue for the Post.

18. In the 2009 to 2011 time frame, the Post terminated the employment of at least 18 African Americans over the age of 40, and at least one Caucasian female over the age of 40.

19. After DeJesus' termination without good and sufficient cause in violation of the Collective Bargaining Agreement, the Guild filed a Grievance on August 3, 2011 on DeJesus' behalf, seeking remedies including removal of the termination from DeJesus' record, reinstatement of his employment with full back pay, and for DeJesus to be "made whole in every way."

20. On or about August 9, 2011 DeJesus filed for unemployment benefits with the District of Columbia Department of Employment Services, but due to his termination for purported "willful neglect of duty and insubordination," DeJesus was denied unemployment benefits. DeJesus challenged the denial, and upon investigation the Department ultimately determined on September 20, 2011 that the Post had failed to provide sufficient evidence to support a finding of job related misconduct, and that therefore DeJesus was indeed eligible for unemployment benefits.

21. After the Post refused to reconsider its groundless termination of DeJesus, the Guild submitted the dispute to final and binding arbitration under the terms of the Collective Bargaining Agreement in order to contest the existence of just and sufficient cause for the Post's August 3, 2011 discharge of DeJesus.

22. An arbitration hearing was held on the merits on October 23, 2012 in Washington DC before Arbitrator Margaret R. Brogan, Esq. On February 1, 2013, Arbitrator Brogan issued an Opinion and Award upholding the Guild's Grievance, finding that "DeJesus essentially

complied with the manager's instruction," and that no foundation existed for any finding that DeJesus engaged in "willful neglect of duty" or "insubordination." The Arbitrator further found that the Post failed to conduct any proper investigation, and therefore also failed to demonstrate that DeJesus engaged in any conduct worthy of any discipline. By way of remedy, the Arbitrator's Opinion and Award ordered "the Post to reinstate [DeJesus] to his former or substantially similar position, with full seniority, and to make him whole for his losses as a result of his discharge, including back pay and benefits, less any substitute interim earnings."

23. On or about March 11, 2013, DeJesus was reinstated by the Post to an Account Manager position in the category of Education and Health. To date, DeJesus has not yet been made whole in accordance with the Arbitration Opinion and Award due to a disagreement with regard to the amount of back pay due DeJesus, as well as whether or not the Post's back pay liability is subject to offset with regard to unemployment compensation received by DeJesus. These two issues were submitted in June 2013 to the Arbitrator pursuant to the February 1, 2013 Arbitration Opinion and Award whereby Arbitrator Brogan retained jurisdiction of the matter for purposes of remedy disputes.

24. The Post's willful mistreatment and termination of DeJesus, a 59-year old African American man with an exemplary 18-year employment record with the Post, was based in whole or in part on his age, race, skin color and/or national origin; as exhibited by Wainright's unwarranted and demeaning treatment of DeJesus on July 23, 2011, Wainright's statement to DeJesus on July 27, 2011 that he was "no longer a good fit" at the Post; the illegitimate and wrongful August 3, 2011 termination of DeJesus without basis; and the Post's termination during the relevant time period of at least 18 African Americans over the age of 40, and at least one Caucasian female over the age of 40.

25. The Post's actions as described herein caused and continue to cause DeJesus damages, as charged herein.

## COUNT I –

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. §2000e, *ET SEQ*.

26. Plaintiff, DeJesus, hereby incorporates by reference and realleges Paragraphs 1 through 24 of this Complaint as if fully restated herein.

27. Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. §2000e *et seq.* makes it unlawful for an employer to discharge or otherwise discriminate against any individual because of his race, color and/or national origin.

28. The Post's treatment and termination of DeJesus violated Title VII of the Civil Rights Act. Specifically, the Post discriminated against DeJesus on the basis of race, color and/or national origin, by virtue of its agent, Wainright's, July 23, 2011 demeaning, accusatory and unwarranted public outburst at DeJesus, as well as Wainright's statement to DeJesus on July 27, 2011 that he was "no longer a good fit." Additionally, the Post's wrongful, retaliatory and unwarranted termination of DeJesus without cause or any basis whatsoever (along with at least 18 other African-Americans during the same time period) was based in whole or in part upon his race, color and/or national origin and resulted in a violation of Title VII. Further, the Post acted with malice or reckless indifference and intentionally discriminated against DeJesus based on his race, color and/or national origin.

29. The Post's willful, wrongful, retaliatory and discriminatory actions and termination of DeJesus and violation of his rights under Title VII caused and continue to cause DeJesus economic and non-economic damages, including, but not limited to, lost past and future wages, bonuses, commissions, benefits and privileges of employment, emotional distress,

7

embarrassment, humiliation, mental anguish and depression, physical and mental stress, loss of reputation, and a violation of his civil rights.

30. As a result of the willful nature of the discriminatory practices of the Post, committed with malice and/or reckless indifference to the federally protected rights of DeJesus, the Post is liable for DeJesus' compensatory damages and punitive damages, and DeJesus is entitled to a trial by jury pursuant to 42 U.S.C. §1981 and/or 42 U.S.C. §1981a.

31. The Post is liable for DeJesus' attorney fees, expert witness fees, and costs pursuant to 42 U.S.C. §1988.

## COUNT II –

## VIOLATION OF THE RECONSTRUCTION CIVIL RIGHTS ACT, AS AMENDED, 42 U.S.C. §1981

32. Plaintiff, DeJesus, hereby incorporates by reference and realleges Paragraphs 1 through 30 of this Complaint as if fully restated herein.

33. DeJesus' employment with the Post was governed by a contract (the Collective Bargaining Agreement).

34. By virtue of the Post's wrongful, retaliatory and unwarranted termination of DeJesus without cause or any basis whatsoever (along with at least 18 other African-Americans during the same time period), and treating DeJesus in an demeaning, unwarranted, retaliatory manner as charged herein and/or otherwise adversely affecting his employment status; The Post violated The Reconstruction Civil Rights Act, as amended, codified at 42 U.S.C. §1981, by depriving DeJesus of the making, performance, modification and/or enjoyment of all benefits, privileges, terms and conditions of the contractual relationship governing his employment, at least in part, because of his "non-white" race and/or color.

35. The Post acted with malice or reckless indifference and intentionally discriminated against DeJesus based on his race and/or color.

36. The Post's willful, wrongful, intentionally discriminatory and retaliatory actions, practices and termination of DeJesus and violation of his rights under 42 U.S.C. §1981 caused and continues to cause DeJesus economic and non-economic damages, including, but not limited to, lost past and future wages, bonuses, commissions, benefits and privileges of employment, emotional distress, embarrassment, humiliation, mental anguish and depression, physical and mental stress, loss of reputation, and a violation of his civil rights.

37. As a result of the willful nature of the discriminatory practices of the Post, committed with malice and/or reckless indifference to the federally protected rights of DeJesus, the Post is liable for DeJesus' compensatory damages and punitive damages and trial by jury pursuant to 42 U.S.C. §1981 and/or 42 U.S.C. §1981a.

38. The Post is liable for DeJesus' attorney fees, expert witness fees, and costs pursuant to 42 U.S.C. §1988.

## COUNT III –

### VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. §621, ET SEQ.

39. Plaintiff, DeJesus, hereby incorporates by reference and realleges Paragraphs 1 through 37 of this Complaint as if fully restated herein.

40. The Age Discrimination In Employment Act of 1967 ("ADEA"), codified at 29 U.S.C. §621 *et seq.*, protects individuals who are 40 years of age or older from employment discrimination, and makes it unlawful for an employer to discharge or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age.

41.     The Post's discriminatory treatment and termination of DeJesus violated the ADEA. Specifically, the Post discriminated against DeJesus on the basis of age by virtue of its agent, Wainright's, July 23, 2011 demeaning, accusatory and unwarranted public outburst at DeJesus, as well as Wainright's statement to DeJesus on July 27, 2011 that he was "no longer a good fit." Additionally, the Post's wrongful, retaliatory and unwarranted termination of DeJesus without cause or any basis whatsoever (along with at least one other Caucasian woman over the age of 40 during the same time period) was based in whole or in part upon his age and resulted in a violation of the ADEA. Further, the Post's conduct resulted in a willful violation of the ADEA.

42.     The Post's willful, wrongful, retaliatory and discriminatory actions against and termination of DeJesus and violation of his rights under the ADEA caused and continue to cause DeJesus economic and non-economic damages, including, but not limited to, lost past and future wages, bonuses, commissions, benefits and privileges of employment, emotional distress, embarrassment, humiliation, mental anguish and depression, physical and mental stress, loss of reputation, and a violation of his rights.

43.     Pursuant to §626 of the ADEA, DeJesus is entitled to legal and equitable relief, including reinstatement and/or promotion to the position that he would have had but for the Post's violation of the ADEA, trial by jury, and liquidated damages due to the willful nature of the Post's discrimination against DeJesus.

WHEREFORE, with respect to Counts I through III, Plaintiff, DeJesus, prays for judgment in his favor and against Defendant, the Post, and that the Court:

A.     Award DeJesus direct and consequential compensatory economic damages for lost past and future wages, bonuses and commissions, pay and benefits, and privileges of

employment for the Post's discriminatory acts as charged herein in violation of Title VII, 42 U.S.C. §1981, and/or the ADEA;

B.      Award DeJesus reinstatement and/or promotion to the position at the Post that he would have maintained but for the Post's discriminatory conduct as charged herein in violation of Title VII, 42 U.S.C. §1981, and/or the ADEA;

C.      Award DeJesus damages for emotional distress, pain and suffering, violation of his civil rights, and for being vexed and troubled by the Post's violation of Title VII, pursuant to 42 U.S.C. §1981 and/or 42 U.S.C. §1981a;

D.      Award DeJesus statutory compensatory and punitive damages for the Post's violation of Title VII pursuant to 42 U.S.C. §1981 and/or 42 U.S.C. §1981a;

E.      Issue a temporary or permanent injunction, enjoining the Post from committing further discriminatory acts against DeJesus in violation of Title VII, 42 U.S.C. §1981 and/or the ADEA;

F.      Declare the Post's conduct in violation of Title VII, 42 U.S.C. § 1981, and/or the ADEA to be illegal;

G.      Award DeJesus liquidated damages for the Post's willful violation of the ADEA, pursuant to 29 U.S.C. § 626;

H.      Award DeJesus pre-judgment and post-judgment interest, as allowed by law;

I.      Award DeJesus attorneys fees, expert witness fees, and costs in accordance with 42 U.S.C. §1988, and 29 U.S.C. § 626b;

J.      Award DeJesus a trial by jury pursuant to 42 U.S.C. §1981, 42 U.S.C. §1981a and/or §626 of the ADEA;

K.      Award such other legal and equitable relief as is just and proper.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
     Mayer Morganroth (D.C. Bar #MI0015)

By: /s/ Jeffrey B. Morganroth
     Jeffrey B. Morganroth (D.C. Bar #421684)
     Attorneys for Plaintiff
     344 North Old Woodward Avenue, Suite 200
     Birmingham, MI 48009
     (248) 864-4000
     mmorganroth@morganrothlaw.com
     jmorganroth@morganrothlaw.com

Dated:  July 18, 2013

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, DeJesus, by and through his attorneys, and hereby demands a trial by jury in the above entitled matter.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC

By: /s/ Mayer Morganroth
     Mayer Morganroth (D.C. Bar #MI0015)

By: /s/ Jeffrey B. Morganroth
     Jeffrey B. Morganroth (D.C. Bar #421684)
     Attorneys for Plaintiff
     344 North Old Woodward Avenue, Suite 200
     Birmingham, MI 48009
     (248) 864-4000
     mmorganroth@morganrothlaw.com
     jmorganroth@morganrothlaw.com

Dated:  July 18, 2013